UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

------------------------------------x

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.*, No. 02-cv-6977 (GBD) (SN)
*Fed. Ins. Co., et al. v. Al Qaida, et al.*, No. 03-cv-6978 (GBD) (SN)
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849 (GBD) (SN)
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-1922 (GBD) (SN)
*Cont'l Cas. Co., et al. v. Al Qaeda Islamic Army, et al.*, No. 04-cv-5970 (GBD) (SN)
*Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al.*, No. 18-cv-12114 (GBD) (SN)
*Aronow, et al. v. Republic of Sudan*, No. 20-cv-7733 (GBD) (SN)
*Betru, et al. v. Republic of Sudan*, No. 20-cv-10615 (GBD) (SN)
*Parker, et al. v. Republic of the Sudan*, No. 20-cv-10657 (GBD) (SN)
*Nolan, et al. v. Republic of the Sudan*, No. 20-cv-10720 (GBD) (SN)
*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, No. 04-cv-1076 (GBD) (SN)
*DeRubbio, et al. v. Islamic Republic of Iran, et al.*, No. 18-cv-5306 (GBD) (SN)
*Morris, et al. v. Islamic Republic of Iran, et al.*, No. 18-cv-5321 (GBD) (SN)
*Bernaerts, et al. v. Islamic Republic of Iran, et al.*, No. 19-cv-11865 (GBD) (SN)
*Strauss, et al. v. Islamic Republic of Iran, et al.*, No. 22-cv-10823 (GBD) (SN)
*Kone, et al. v. Islamic Republic of Iran, et al.*, No. 23-cv-5790 (GBD) (SN)
*Kelly, et al. v. Islamic Republic of Iran, et al.*, No. 23-cv-7283 (GBD) (SN)

On August 24, 2023, Plaintiffs in the above-captioned actions moved, pursuant to Local Rule 6.3, for clarification or partial reconsideration of this Court's August 10, 2023 Order granting in part and denying in part Defendant Republic of the Sudan's motion to dismiss. (Pls.' Mot. for Clarification or Partial Reconsideration ("Mot."), ECF No. 9307; Mem. Decision & Order ("Dismissal Order"), ECF No. 9278.)[1] Plaintiffs' motion seeks clarification of two

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN).

1

narrow aspects of the Dismissal Order: (1) whether the Dismissal Order dismissed Plaintiffs' state law wrongful death and survival claims; and (2) whether this Court's denial of the *O'Neill* Plaintiffs' previous class certification motion against other defendants also denied the *O'Neill* Plaintiffs' class action claims against Sudan and the Kingdom of Saudi Arabia. (Mot. at 1–2.) For the reasons set forth below, Plaintiffs' motion for clarification is GRANTED, and this Court will clarify the scope of its Dismissal Order as follows: (1) Plaintiffs' timely wrongful death and survival claims remain in this litigation; and (2) this Court has not yet ruled on the *O'Neill* Plaintiffs' class action allegations against Sudan or Saudi Arabia.

## I.   PROCEDURAL HISTORY[2]

The Dismissal Order, in adopting in part Magistrate Judge Netburn's May 2, 2022 Report and Recommendation (R. & R. ("Report"), ECF No. 7942, *amended by* ECF No. 8549), determined that this Court has subject-matter jurisdiction over Plaintiffs' claims against Sudan, and held that (1) all Plaintiffs had adequately pled their 28 U.S.C. § 1605A(c) and (d), Anti-Terrorism Act ("ATA") primary liability, civil RICO claims, and state law trespass claims against Sudan; and (2) *Ashton* and *Burnett* Plaintiffs had adequately pled state law assault and battery claims. (Dismissal Order at 32.) The Dismissal Order granted Sudan's motion to dismiss Plaintiffs' ATA aiding and abetting and conspiracy claims; Alien Tort Statute claims; state law punitive damages, conspiracy, aiding and abetting, intentional infliction of emotional distress, and negligence claims; state law assault and battery claims brought after September 11, 2002; and international law claims. (*Id.*)

As discussed above, Plaintiffs filed the instant motion on August 24, 2023. (Mot.) Sudan failed to file an opposition by the September 7, 2023 due date or thereafter. *See* Local Rule 6.1(b).

---

[2] Owing to the current procedural posture, this Court assumes the parties' familiarity with the procedural history of this litigation and Sudan's motion to dismiss. For a more fulsome background, see Report at 2–4; Dismissal Order at 3–4.

Instead, on September 8, 2023, Sudan sought interlocutory review of the Dismissal Order by the Second Circuit Court of Appeals. (Notice of Interlocutory Appeal, ECF No. 9336.) On September 22, 2023, Plaintiffs filed notices of conditional cross-appeal to preserve their appellate rights in the event that the Second Circuit determines it has jurisdiction over Sudan's appeal. (Notices of Cross-Appeal, ECF Nos. 9353, 9354.) Sudan's request for an appeal is currently pending before the Second Circuit. *See In re Terrorist Attacks on September 11, 2001*, No. 23-1319 (2d Cir.).

## II.     LEGAL STANDARDS

Local Rule 6.3 does not explicitly address motions for clarification. Rather, Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."[3] Fed. R. Civ. P. 60(a). The rule enables a court to clarify or explain an order "to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" *Greer v. Mehiel*, No. 15 Civ. 6119 (AJN), 2017 WL 128520, at *2 (S.D.N.Y. Jan. 12, 2017) (quoting *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013)). "[A] motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *McCaffrey v. Gatekeeper USA, Inc.*,

---

[3] Rule 60(a) goes on to state that "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). Sudan is currently seeking interlocutory appeal from the Court of Appeals of the Dismissal Order pursuant to 28 U.S.C. §§ 1605A(f) and 1292(b). Because this Court has not been asked to certify an interlocutory appeal from the Dismissal Order, and the Second Circuit has not yet accepted jurisdiction over Sudan's appeal, this Court has not been divested of jurisdiction and can exercise its authority to clarify the dismissal order pursuant to Rule 60(a). *See Leonhard v. United States*, 633 F.2d 599, 610–11 (2d Cir. 1980) (filing a notice of appeal from a non-appealable order does not divest a District Court of jurisdiction); *Zivkovic v. Laura Christy LLC*, No. 17 Civ. 553 (GHW), 2023 WL 4305101, at *3 (S.D.N.Y. June 30, 2023) (same).

No. 14 Civ. 493 (VSB), 2022 WL 1321494, at *1 (S.D.N.Y. May 3, 2022) (quoting *Metcalf v. Yale Univ.*, No. 15 Civ. 1696 (VAB), 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019)).

Under Local Rule 6.3, reconsideration is not favored and is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Such narrow grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." (citation omitted)).

### III. PLAINTIFFS' MOTION FOR CLARIFICATION IS GRANTED

#### A. Plaintiffs' Timely Wrongful Death and Survival Claims Were Not Dismissed

The Dismissal Order, in Section IV.B.2, notes that "only Plaintiffs' assault, battery, and trespass claims are viable state law claims." (Dismissal Order at 26 (cleaned up).) Neither the Dismissal Order nor the Report explicitly address Plaintiffs' state law wrongful death and survival

claims. (*See id.* at 25–28; Report at 53–59.) In their motion, Plaintiffs argue that the Dismissal Order's acceptance of the Report's conclusions that "Plaintiffs had adequately alleged causation and that federal law did not preempt state [tort] law" enables the wrongful death and survival claims to withstand Sudan's motion to dismiss. (Mot. at 3–4.)

In its motion to dismiss, Sudan argued that Section 1605A of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A, preempts Plaintiff's state tort claims. (Mem. of Law in Support of Mot. to Dismiss, ECF No. 6575, at 40–42.) In the alternative, Sudan argued that Plaintiffs' state tort claims (including their wrongful death and survival claims) should be dismissed because Plaintiffs "failed to allege facts that plausibly show that Sudan's alleged actions proximately caused the 9/11 Attacks." (*Id.* at 42.) Magistrate Judge Netburn rejected these arguments in the Report, finding "no evidence" to support Sudan's preemption arguments (Report at 55) and determining that causation was satisfied, as (1) Plaintiffs "adequately alleged that Sudan's sustained campaign of support for al Qaeda was a substantial factor in the [9/11] Attacks," and (2) "[i]t was also reasonably foreseeable that this support would lead to death and injury because al Qaeda would use it to launch terrorist strikes against the United States." (*Id.* at 8–9; *see also id.* at 56 (applying this causation finding to state tort claims).) The Dismissal Order adopted these holdings. (Dismissal Order at 25–26.)

As Plaintiffs' motion correctly notes, this Court "rejected the bases Sudan raised to dismiss" the wrongful death and survival claims. (Mot. at 4.) Such claims have previously been recognized in this litigation. *See In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 829 (S.D.N.Y.), *modified on reconsideration in part*, 392 F. Supp. 2d 539, 566 (S.D.N.Y. 2005). To be timely under New York law,[4] wrongful death claims must be brought within 2.5 years of a

---

[4] This Court has previously applied New York law to Plaintiffs' state tort law claims. (*See* Dismissal Order at 26.)

5

9/11 decedent's death, *see* N.Y. Est. Powers & Trusts Law § 5-4.1(1) (McKinney 2023), and survival claims must be brought within three years from the date of injury. *See* N.Y. C.P.L.R. § 214(5) (McKinney 2023); *see also* N.Y. Est. Powers & Trusts Law § 11-3.2 (McKinney 2016) (allowing survival actions). In their motion, Plaintiffs list the actions in which wrongful death and survival claims were timely filed. (*See* Mot. at 3–4.) In light of the Dismissal Order's silence as to the viability of Plaintiffs' wrongful death and survival claims, this Court deems the relevant portion of the Dismissal Order "ambigu[ous]," *see McCaffrey*, 2022 WL 1321494, at *1, and GRANTS Plaintiffs' motion to clarify the Dismissal Order. Plaintiffs' timely filed wrongful death and survival claims remain in this litigation. (*See* Mot. at 3–4 (listing cases).)

## B. This Court Has Not Ruled on the *O'Neill* Plaintiffs' Class Action Allegations Against Sudan or Saudi Arabia

In a footnote, the Dismissal Order stated that this Court denied the *O'Neill* Plaintiffs' motion for class certification in *Estate of John P. O'Neill, Sr. v. Republic of the Sudan*, No. 18-cv-12114 (GBD) (SN) (S.D.N.Y.) in its July 31, 2023 Memorandum Decision and Order. (Dismissal Order at 1 n.1 (citing Mem. Decision & Order ("Class Certification Order"), ECF No. 9243).) Plaintiffs note that the Class Certification Order denied the *O'Neill* Plaintiffs' motion for class certification in *Estate John P. O'Neill, Sr. v. **Al Baraka Investment & Development Corp.***, No. 04-cv-1923 (GBD) (SN) (S.D.N.Y.) but did not apply to their claims against Sudan or Saudi Arabia. (Mot. at 4.) While acknowledging that the *Al Baraka* certification denial "may impact class certification as to the Kingdom of Saudi Arabia and Sudan" (*id.* at 2), Plaintiffs seek clarification that the Class Certification Order applies only to the *Al Baraka* case "and did not address claims as to Sudan, the Kingdom of Saudi Arabia or any additional parties . . . ." (*Id.*) Plaintiffs argue that any extension of this Court's denial of class certification "should be accomplished through separate orders, for procedural and other reasons." (*Id.* at 4–5.)

6

Plaintiffs are correct that the Class Certification Order applied only to the *Al Baraka* case and not to the *O'Neill* Plaintiffs' claims against Sudan or Saudi Arabia. (Class Certification Order at 1). Accordingly, this Court finds that the Dismissal Order contained an "ambiguit[y]" with respect to this distinction. *See McCaffrey*, 2022 WL 1321494, at *1. In light of Plaintiffs' representation that "*O'Neill* counsel has . . . scheduled a meeting with Sudan and the Kingdom of Saudi Arabia to discuss the impact of the *O'Neill v. Al Baraka* class decision on the parties" (Mot. at 4), this Court clarifies the Dismissal Order to note that this Court has not, at this juncture, dismissed the *O'Neill* Plaintiffs' class action allegations against Sudan or Saudi Arabia.

## IV. CONCLUSION

Plaintiffs' motion for clarification is GRANTED. The Dismissal Order is clarified as follows: (1) Plaintiffs' timely wrongful death and survival claims remain in this litigation; and (2) this Court has not yet ruled on the *O'Neill* Plaintiffs' class action allegations against Sudan or Saudi Arabia.

The Clerk of Court is directed to terminate the motion at ECF No. 9307.

Dated: New York, New York
      February 27, 2024

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge